[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16149
Non-Argument Calendar

_____

D. C. Docket No. 05-14024-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY TRENT CAMPBELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 18, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Timothy Trent Campbell appeals his conviction for receiving child

pornography and challenges the denial of his motion to suppress evidence. Campbell argues that the evidence was seized based on an invalid warrant. We affirm.

## I. BACKGROUND

On September 20, 2004, Campbell initiated an instant messaging text chat with Mitch Nixon, an undercover detective with the Gainesville, Florida, police department. Nixon posed as the father of a 14-year-old girl in a chat room frequented by individuals interested in having sex with minors and trading child pornography. Campbell bragged to Nixon that he had sex with his own minor daughter and arranged to meet Nixon and Nixon's daughter in Ocala, Florida, for the purpose of having a sexual encounter with Nixon's daughter. Campbell cancelled the arranged meeting ostensibly due to time constraints.

Nixon forwarded the information regarding his conversations with Campbell to Neal Spector, a detective on a child exploitation task force with the St. Lucie County Sheriff's Office. On January 3, 2005, Spector observed Campbell in the same chat room through which Campbell had contacted Nixon. Spector posed as the father of an 11-year-old girl and contacted Campbell through an instant messaging text. In his conversation with Spector, Campbell stated that he had a daughter who lived with her mother out-of-town, he had been sexually involved

2

with his daughter, and he liked girls aged "10 and up." He also sent Spector a photograph of a nude woman with her face hidden. When Spector inquired whether Campbell had "ever experienced young," Campbell responded in the negative because he had "bailed" on the Ocala rendezvous when "it didn't feel right." When asked if he had preteen images, Campbell stated it would take him a while to find them because he hid them. On January 14, 2005, Campbell stated that he would like to engage in oral sex with Spector's 11-year-old daughter and stated that the pictures he had previously sent were of Campbell's own daughter.

Detective Brian Broughton of the Martin County Sheriff's Office applied to state court for a warrant to search Campbell's residence and computer for violations of state law regarding sexual battery of a minor, solicitation, and sexual performance by a child. Fla. Stat. Ann. §§ 794.001(2)(a), 777.04, 827.071. Broughton attached an affidavit that included a detailed summary of the conversations between Nixon and Spector and Campbell. The warrant application stated that the conversations established probable cause that a computer was located in Campbell's residence that was involved in the criminal attempt to induce a child under the age of 12 to commit a criminal offense. Broughton executed the warrant and seized several computers from Campbell's residence that contained images of child pornography.

Campbell was charged in federal court in a superseding information with receiving child pornography, 18 U.S.C. § 2252(a)(2), and possessing child pornography, id. § 2252(a)(4)(B). Before trial, Campbell moved to suppress evidence obtained from his residence based on the state search warrant on the ground that the warrant application lacked probable cause. The district court denied the motion. Campbell then entered a conditional plea of guilt to the charge of receiving child pornography.

## II. STANDARD OF REVIEW

We review de novo the determination of the district court that an affidavit established probable cause, but we "take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000) (internal quotations omitted).

## III. DISCUSSION

Campbell raises two arguments regarding the denial of his motion to suppress. First, Campbell argues that the facts stated in the affidavit attached to the warrant application were insufficient to establish probable cause. Second, Campbell argues that the veracity of the affidavit submitted in support of the warrant application is questionable. We address each argument in turn.

4

*A. The Warrant Application Contained Sufficient Facts to Establish Probable Cause.*

Campbell argues that the warrant application does not allege facts sufficient to establish each of the elements of the crimes listed in the warrant application. He also argues that the facts were insufficient to establish probable cause for solicitation to commit sexual battery, Fla. Stat. Ann. §§ 794.011, 777.04, because he clearly abandoned his attempt to commit the crime. Campbell's arguments fail.

The warrant application established probable cause to search for evidence of child pornography possessed by Campbell. Id. § 827.071. Campbell e-mailed photographs of a nude female that Campbell told Spector was Campbell's minor daughter. When asked if he had any "preteen images", Campbell replied that "it would take a while to find, I hide them." These facts establish probable cause to search Campbell's residence and his computer for images of child pornography.

The warrant application also established probable cause to search for evidence of solicitation to commit sexual battery. Id. §§ 794.011, 777.04. Campbell bragged to both detectives that he had sex with his own minor daughter, and Campbell sent Spector photographs of a nude female that Campbell alleged was his daughter. Campbell arranged with Nixon to meet Nixon's daughter and have sex with her. Campbell asked if Spector had ever "shared" his daughter and stated in explicit details a desire to have sex with Spector's daughter. When asked

5

what ages he liked, Campbell responded "10 and up." These facts establish probable cause to search for evidence that Campbell had engaged in solicitation of a minor to commit sexual battery.

Campbell's other argument also fails. Although the defense of abandonment may be a sufficient defense against conviction, it does not eliminate the probability that Campbell used his computer to solicit a minor to commit sexual battery. Campbell confuses the standard for conviction, beyond reasonable doubt, with the standard for a valid warrant, probable cause. "Although probable cause requires more than suspicion, it does not require convincing proof, and need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction." Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002).

It is also unclear whether Campbell voluntarily abandoned his attempt to solicit a minor. Campbell stated that he did not meet with Nixon and Nixon's daughter because "it didn't feel right." It is unclear whether Campbell decided not to meet with Nixon because he understood that sexual battery of a minor was wrong or because he was afraid of a sting operation. The latter explanation is bolstered by Campbell's later expression of his desire to engage in sexual activity with Spector's 11-year-old daughter.

6

*B.  The Veracity of the Affidavit in Support of the Warrant Application*
*Is Not in Doubt.*

Campbell argues that the veracity of the affidavit is doubtful because Broughton knowingly or recklessly misrepresented or omitted facts and Broughton did not observe any of the facts first hand.  As to the first argument, Campbell erroneously alleges that Broughton knowingly or recklessly failed to state in the affidavit that Campbell did not actually have a daughter.  To challenge the veracity of the affidavit, Campbell had to make specific allegations of knowing or reckless falsehood and an offer of proof to support the allegations.  Franks v. Delaware, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1978).  Campbell made no offer of proof and has nothing more than his own unsupported allegations that Broughton knowingly or recklessly failed to state that Campbell did not have a daughter.

Campbell's other argument that Broughton did not observe any of the facts first hand and based the affidavit on the statements of Nixon and Spector also fails.  "Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable source for a warrant applied for by one of their number."  United States v. Kirk, 781 F.2d 1498, 1505 (11th Cir. 1986) (quoting United States v. Ventresca, 380 U.S. 102, 111, 85 S. Ct. 741, 747 (1965)).  Campbell cites to no case law that requires a police officer to verify independently facts related to him by other police officers before including the facts in an

7

affidavit in support of a warrant.

## IV. CONCLUSION

Campbell's conviction is

**AFFIRMED.**